216 Kan. 527 (1975)
532 P.2d 1119
EXTENDICARE, INC., DONALD B. BLETZ, M.D., and PHYSICIANS ASSOCIATED, CHARTERED, Appellants,
v.
STATE OF KANSAS COORDINATING COUNCIL FOR HEALTH PLANNING and THE KANSAS STATE BOARD OF HEALTH, Appellees, and SHAWNEE MISSION MEDICAL CENTER, INC., Intervenor.
No. 47,591
Supreme Court of Kansas.
Opinion filed March 1, 1975.
J. Eugene Balloun, of Payne & Jones, Chartered, Olathe, argued the cause, and Ronald L. Bodinson, of the same firm was with him on the brief for the appellants.
Robert M. Corbett, of Topeka, argued the cause, and Curt T. Schneider, attorney general, was with him on the brief for the appellees.
Thomas A. Sweeny, of Kansas City, Missouri, argued the cause, and Lyndus A. Henry, of Overland Park, was on the brief for the intervenor.
The opinion of the court was delivered by
SCHROEDER, J.:
The question presented by this appeal is whether the appellants are "health facilities" embraced within the meaning of the Regional Health Programs Act. The answer determines whether the appellants have a statutory right to appeal from a decision of the Mid-America Comprehensive Health Planning Agency granting a certificate of need to the Shawnee Mission Medical Center, Inc., to expand its facilities.
An appeal has been perfected by Extendicare, Inc., (a foreign corporation but authorized to do business in Kansas as of October 16, 1973), Donald B. Bletz, M.D. (a licensed Kansas physician), and Physicians Associated, Chartered (a Kansas corporation formed by Dr. Bletz and composed of other Kansas physicians) from a *528 district court order holding that none of the appellants are "health facilities" as defined by K.S.A. 65-2a01 (b) in the Regional Health Programs Act.
The facts are not in dispute. Sometime prior to March 28, 1973, Extendicare filed an application for a certificate of need to construct a 400-bed hospital in Johnson County, Kansas. Under K.S.A. 65-2a02 the "appropriate planning agency" (as defined in K.S.A. 65-2a01 [d]) determines whether a request should be approved or disapproved. The planning agency having jurisdiction over Johnson County, Kansas, is the Mid-America Comprehensive Health Planning Agency (MACHPA). On March 28, 1973, MACHPA denied Extendicare's application. Thereafter an appeal was taken by Extendicare and on May 17, 1973, an appeals panel reversed MACHPA's decision and granted a certificate of need to Extendicare. Subsequently, the decision of the appeals panel was appealed to the District Court of Johnson County by Shawnee Mission Medical Center and others. The district court affirmed the decision of the appeals panel, and an independent appeal is presently being pursued to this court from the decision of the district court.
Sometime prior to August 29, 1973, Shawnee Mission Medical Center applied to MACHPA for a certificate of need to authorize the construction of a 150-bed addition to its facility. A public hearing concerning the application was scheduled for August 14, 1973, by the agency, and the agency was advised by counsel that all three of the appellants desired to enter an appearance at the hearing to present evidence, cross-examine witnesses and review the evidence presented. The appellants' counsel made several written requests to MACHPA for copies of, or permission to examine, Shawnee Mission's application in order to evaluate it and properly prepare for the public hearing. MACHPA, however, refused to provide copies of the documents. Feeling they could not make a meaningful presentation without previously being apprised of the contents of the application, the appellants failed to appear at the public hearing. After the hearing MACHPA granted the application.
Thereafter each of the appellants filed a notice of appeal as provided by K.S.A. 65-2a07 from MACHPA's decision with the Kansas Coordinating Council for Health Planning, MACHPA, and the appropriate licensing agency and requested a hearing by an appeals panel.
*529 An appeal from a planning agency's decision on the matter in question is controlled by the following language in K.S.A. 65-2a07:
"The approval or disapproval by a planning agency may be appealed by the applicant or by another health facility who believes its interests are adversely affected...." (Emphasis added.)
A "health facility" is defined in K.S.A. 65-2a01 (b). It reads:
"`Health facility' means any health or medical facility that is licensed under the laws of Kansas, local health departments, or regional local health services." (Emphasis added.)
On September 26, 1973, Mr. Raymond Solee, on behalf of the State of Kansas Coordinating Council for Health Planning, notified each of the appellants that they did not have standing to appeal under K.S.A. 65-2a07 because they were not health facilities within the meaning of the Act.
The appellants thereafter instituted a mandamus action which resulted in an Order of Mandamus enjoining the State of Kansas Coordinating Council for Health Planning, MACHPA, Kansas State Board of Health and Raymond Solee from granting a certificate of need to Shawnee Mission Medical Center until an appeals panel was convened and ruled whether the appellants had standing to appeal.
Thereafter, an appeals panel was convened pursuant to the district court's order, and on November 13, 1973, ruled that the appellants had no standing to appeal from MACHPA's decision, since they were not "health facilities" as contemplated by K.S.A. 65-2a07.
Subsequently, the appellants appealed to the Johnson County District Court from the decision of the appeals panel. K.S.A. 65-2a08 authorizes "the applicant or other health facility" to appeal the approval or disapproval of an appeals panel to the district court of the county in which the aggrieved party is located or is to be located. After hearing arguments on the matter, the district court permitted Shawnee Mission Medical Center to intervene in the action pursuant to K.S.A. 60-224 (b). Thereafter, Shawnee Mission moved to dismiss the appeal on the grounds that none of the appellants were "health facilities" as defined in K.S.A. 65-2a01; the appellants' counsel had judicially admitted Extendicare was not a "health facility"; Dr. Bletz and Physicians Associated fall within the definition of a person (K.S.A. 65-2a01 [i]) and, therefore, are not "health facilities"; and whatever rights the appellants claim were waived by the fact that they did not enter an appearance *530 at the August 14, 1973, public hearing. The State of Kansas Coordinating Council for Health Planning joined this motion.
Thereafter, on December 12, 1973, the district court ruled that none of the appellants were "health facilities" as defined in K.S.A. 65-2a01 and as contemplated by K.S.A. 65-2a08, and sustained the motion to dismiss. For the reasons hereafter assigned we affirm the decision of the district court.
It cannot be said the Regional Health Programs Act is a model in the art of legislative draftsmanship. In fact, it leaves much to be desired if the Act is to be efficiently administered. Nowhere is the legislative purpose of the Act stated. Obviously "health facilities" affect the public health. Nowhere in the Act do we find a "certificate of need" defined. Presumably the purpose of the Act is to require the issuance of certificates of need by planning agencies for additional health or medical facilities in the State of Kansas. To resolve the limited issue here presented it is necessary to find an answer to the query: "For what are certificates of need under the Regional Health Programs Act issued?"
The difficulty encountered in the case at hand is to ascribe meaning to the word "facility". A resort to the various dictionaries indicates the word "facility" has many meanings and is very broad in scope. Among the various definitions Webster's Third New International Dictionary (1961) gives one as follows:
"... 5a: something that promotes the ease of any action, operation, transaction, or course of conduct ... b: something (as a hospital, machinery, plumbing) that is built, constructed, installed, or established to perform some particular function or to serve or facilitate some particular end."
The parties to this appeal illustrate the difficulty in construing the Regional Health Programs Act by the respective positions taken in their briefs. The appellees contend when the legislature referred to a "health facility", it was referring to an inanimate object that is licensed by the state, not personnel. The appellants on the other hand contend the meaning of the word "facility" is not limited to inanimate bodies or things, in that men are often "facilities". (Citing 35 C.J.S., Facility, p. 489; and 16 Words and Phrases, Facilities, p. 18.)
A resort to cases from other jurisdictions indicates the word "facility" is a very broad term and is intended to embrace anything, including human agencies which aid or make easier the performance of activities. (Cheney, Commr. v. Tolliver, 234 Ark. 973, 356 S.W.2d 636 [1962]; The People v. Bunge Bros. Coal Co., *531 392 Ill. 153, 64 N.E.2d 365 [1946]; Nekoosa-Edwards Paper Co. v. Railroad Comm., 193 Wis. 538, 213 N.W. 633 [1927]; and State v. Cave, 20 Mont. 468, 52 Pac. 200 [1898].)
We think what the legislature intended in the Regional Health Programs Act by the word "facility" when it used the expression "health facility" lies somewhere between the extremes asserted by the appellants and the appellees.
It is conceded the standing of the appellants in this case to appeal depends upon whether they come within the statutory definition of a "health facility" under K.S.A. 65-2a01 and 65-2a08, or whether the Regional Health Programs Act otherwise provides them the right to appeal.
The Regional Health Programs Act defines "health facility" as "any health or medical facility that is licensed under the laws of Kansas, local health departments, or regional local health services." (K.S.A. 65-2a01 [b].) (Emphasis added.)
Extendicare is not a "health facility" within the meaning of the Act because it does not have a license to operate a hospital under the laws of the State of Kansas at this time.
It is argued in the appellants' brief that Extendicare has a vital interest in Johnson County and is entitled to constitutional protection, the right to be heard in this case. It has a certificate of need subject only to the appellate proceedings in progress in the district court. Thus, it is argued, Extendicare is equitably entitled to a right to an appeal because it is in a position where it has been granted a right to build a hospital in Johnson County, and to deny Extendicare the right to be heard on Shawnee Mission's application would deny it due process of law.
Beyond the equity which favors Extendicare's rights to appeal, the appellants argue, the Act contemplates that an applicant whose request for a certificate of need has been approved, is a "health or medical facility" within the meaning of the statute.
We fail to see merit in the appellants' argument with respect to Extendicare. Extendicare is not licensed under the laws of Kansas and therefore, by definition, is not entitled to appeal the agency's determination of the Shawnee Mission Medical Center, Inc., application for a certificate of need.
It may be argued under K.S.A. 65-2a08 that the language "the applicant or other health facility" classifies the applicant as a health facility. From the use of the words "another" and "other" modifying health facility, it can be argued, there is an implication *532 that once the applicant's request for a certificate of need is granted, it becomes a health or medical facility, if it was not already classified as such before making its application. We do not think the legislature intended to depart from its stated definition of a "health facility". Health facilities that have already been licensed under the laws of Kansas make application for expansion of their facilities. The application of Shawnee Mission Medical Center, Inc., is an example. This accounts for the language employed. Other applicants who have never done business in the State of Kansas are not licensed under the laws of Kansas. The application of Extendicare is an example. The mere fact that Extendicare is "an applicant" for a certificate of need under the Act does not permit Extendicare to appeal because Extendicare is aggrieved by the determination of the planning agency on Shawnee Mission's application. The statute reads: "the applicant". This means the applicant, whose own certificate of need is under consideration by the agency, is entitled to appeal if it is aggrieved by the agency's determination on its own application.
Our attention will now be focused upon the appeal of Donald B. Bletz, M.D., and Physicians Associated, Chartered.
The appellant, Donald B. Bletz, M.D., is a physician licensed under the laws of Kansas; and the appellant, Physicians Associated, Chartered, is a professional association of physicians formed under Kansas law, all of whose members are physicians licensed to practice in Kansas. The articles of incorporation disclose that Donald B. Bletz, M.D., is the resident agent and incorporator. Are these appellants' health or medical facilities licensed under the laws of Kansas?
While the physicians comprising this group are all licensed as medical doctors under the laws of Kansas, we do not think either Doctor Bletz or Physicians Associated may be considered health or medical facilities as contemplated by the Regional Health Programs Act. The whole Act is exclusively addressed to something more than the need of the citizens of Kansas for individual physicians or their services.
K.S.A. 65-2a04 inferentially recognizes that the state is divided into areawide planning regions, and before a new health facility can be constructed or a health facility can have a project in excess of 5% of the health facility's operating budget, or $350,000 whichever is the lesser or if the licensed bed capacity is to be increased (K.S.A. 65-2a05), it has to apply for a certificate of need.
*533 The pre-licensing request for a certificate of need and the information required under K.S.A. 65-2a06 lists among other things, the projected cost estimates of capital expenditures and operating expenses and the projected staffing of the service.
K.S.A. 65-2a01 under the Regional Health Programs Act lends additional assistance by defining "licensing agency". It reads:
"(a) `Licensing agency' means state board of health with reference to facilities licensed pursuant to K.S.A. 39-927 and 65-428, and the state board of social welfare, with reference, with reference to facilities licensed pursuant to K.S.A. 75-3307b...."
Reference to the above cited sections indicates the legislature has reference to licensing statutes for adult care homes, hospitals and mental health hospital facilities.
Viewing the Regional Health Programs Act in its entirety, we are confident the legislature did not intend individual doctors or a professional corporation consisting of doctors to be embraced within the term "health facility". Accordingly, the appellants Donald B. Bletz, M.D. and Physicians Associated, Chartered, had no right to appeal the decision of MACHPA to an appeals panel under the Regional Health Programs Act.
The judgment of the lower court is affirmed.